Filed 1/31/22  P. v. Ordonaz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092859 |
| v. | (Super. Ct. No. 66841) |
| ROBERTO ORDONAZ, | |
| Defendant and Appellant. | |

Defendant Roberto Ordonaz appeals from the denial of his petition to recall his sentence pursuant to Penal Code section 1170.95.[1]  He contends the trial court applied the wrong legal standard when ruling on his petition.  The People agree that remand is

---

[1] Undesignated statutory references are to the Penal Code.

1

appropriate, and we do too. We will vacate the order denying the petition and remand for a hearing on defendant's petition.

BACKGROUND

In 1984, defendant pleaded guilty to first degree murder and robbery and was sentenced to an indeterminate 25-year-to-life term, along with a concurrent three-year determinate term. During the plea, the prosecutor provided a factual basis incorporating testimony from the codefendant's trial, as well as defendant's admissions to police (acknowledging those statements were arguably in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694]). The prosecutor stated: "Defendant not only admitted to the police, but to his family members, that he participated in the offense, contended that his crime partner was the gunman and inflicted the fatal shot to the victim, contended to the police that even though he assisted the co-defendant, he did not formulate the intent and the desire that the victim be killed." The prosecutor added: "Part of the reason . . . for the plea bargain includes the fact of the substantial evidentiary problems regarding the admissibility in evidence against this Defendant, his confession to the police, and the fact that statements from his family members flowed from that confession to the police."

Thirty-five years later, defendant petitioned for resentencing under section 1170.95. His petition asserted that he could not now be convicted of his murder charge due to changes in section 189. He further declared, among other things, that he was not the actual killer, he did not aid the killer with intent to kill, and he was not a major participant and did not act with reckless indifference to human life.

The trial court appointed counsel to represent defendant.

The People moved to dismiss the petition arguing, among other things, that defendant was an aider and abettor to murder and acted with intent to kill, and was therefore ineligible for relief. Defendant countered that he had declared himself eligible for resentencing, and the People's conclusion was based on a probation report that relied

2

on hearsay from police reports. Defendant added that nothing showed the victim's murder was preplanned. According to defendant, he had no intent to kill and did not believe the codefendant would kill the victim.

The trial court denied the petition. The trial court summarized the evidence that could have been presented at trial, saying it would have been sufficient to find defendant guilty of first degree murder beyond a reasonable doubt. In so concluding, the trial court relied on a 1983 preliminary hearing transcript as well as the factual basis provided during defendant's plea. The trial court explained: "This is sufficient evidence from which a jury could have concluded or could now conclude establishes beyond a reasonable doubt that defendant Ordonaz and [the codefendant] had taken the victim in the victim's car to the drainage canal, Ordonaz handed [the codefendant] the gun, and [the codefendant] shot the victim execution-style in the back of the head with the gun held only two inches from the victim's head; the two dumped the body in the drainage canal, and drove the victim's car back through the mud; the area had been muddy and had also muddied their clothes; they then went over to the home of Ordonaz's sister, and destroyed evidence of items they had stolen from the victim, and left the car downtown. That defendant Ordonaz had a gun in his hand and handed it to [the codefendant] just before [the codefendant] fired the execution-style shot is the most damaging piece of evidence against Ordonaz, because that showed [that] he was directly aiding and abetting [the codefendant] in the commission of a willful, premeditated, deliberate murder. As such, the evidence would have been or would be sufficient for a jury to conclude, beyond a reasonable doubt, that defendant Ordonaz is guilty of first degree willful, premeditated, deliberate murder without need to rely on the natural and probable consequences doctrine or the felony-murder rule."

The trial court also found sufficient evidence for felony murder while acting as a major participant with reckless disregard for human life. The trial court applied the multifactor tests in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016)

3

63 Cal.4th 522 to determine, respectively, whether defendant was a major participant, and whether defendant, as an aider and abettor, acted with reckless disregard for human life.

The trial court concluded defendant did not make a prima facie showing of eligibility for relief.

## DISCUSSION

Defendant contends the order denying his section 1170.95 petition must be reversed because the trial court applied the wrong legal standard. The People agree that remand is appropriate.

As the California Supreme Court recently explained, "In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Under section 1170.95, the defendant "must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Lewis,* at pp. 959-960.)

Upon the filing of a facially sufficient petition, the trial court appoints counsel, and then considers whether the petitioner has made a "a prima facie showing" for relief. (*Lewis, supra*, 11 Cal.5th at pp. 960, 970.) If the trial court finds such a showing, it issues an order to show cause, and holds a hearing to determine whether to vacate the conviction and resentence the petitioner. (*Id*. at p. 960.) At the hearing, the prosecution must " 'prove, beyond a reasonable doubt, that the petitioner is ineligible for

4

resentencing,' " and the parties, " 'may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' " (*Ibid*.)

To determine whether a prima facie showing has been made, the trial court can consider the record of conviction, which may allow it to distinguish meritorious petitions from those that are clearly not. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) But "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) The Supreme Court explained: "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.)

Here, at the prima facie stage, the trial court considered evidence that it said could have been presented at trial to conclude that such evidence would have supported a direct aiding and abetting theory or felony murder. Such an evaluation of evidence required a hearing.

We will vacate the order denying the petition and remand for a hearing on defendant's petition. In light of our conclusion, we need not address defendant's further argument that the trial court's order violated his right to federal due process.


DISPOSITION

5

The order denying the section 1170.95 petition is vacated, and the matter is remanded for a hearing on defendant's petition for resentencing.

                                                             /S/
                                                      MAURO, J.

We concur:


/S/
BLEASE, Acting P. J.


/S/
RENNER, J.

6